UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| B.D. GOLDFIELDS, LTD., <br>     PLAINTIFF | : |
| | : CIV. 1:08-CV-00916-ESH |
| V. | |
| | : |
| GOLDEN STAR RESOURCES, LTD. <br>     AND <br> ST. JUDE RESOURCES, LTD., <br>     DEFENDANTS | : |

**PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE
PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(i)**

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), plaintiff notes its voluntary dismissal of the Complaint without prejudice.

1. Plaintiff has not previously dismissed any Federal or state court action based on or including the same claim.

2. This Notice of Dismissal without prejudice is filed before the opposing party has filed an Answer or Motion for Summary Judgment.

3. This Notice of Dismissal is filed seasonably, within the reply time for plaintiff to respond to defendants' motion to dismiss aimed at personal and subject matter jurisdiction.

4. No impediments to voluntary dismissal without prejudice are presented by virtue of defendants' motion to dismiss arguably referring to materials outside the Complaint. Cf. Chambers v. Gesell, 120 F.R.D. 1 (D.D.C. 1988)(voluntary dismissal without

-1-

prejudice denied in case where inmate sued U.S. District Judge Gesell because motion to dismiss had been fully briefed and the judicial immunity dooming any subsequent suit against Judge Gesell made dismissal without prejudice unacceptable application of Rule 41(a)(1)(A)(i)).

5. Plaintiff's invoking its right to voluntary dismissal without prejudice does not require an order from the Court. Fed. R. Civ. P. 41(a)(1)(A). Though shareholder derivative interests are cited in the Complaint, the styling of the Complaint in the name of B.D. Goldfields, Ltd. as the only plaintiff, eliminates the need for consideration of shareholder derivative issues before entering voluntary dismissal. See Fed. R. Civ. P. 23[c], as referred to in Rule 41(a)(1)(A)(i). Defendants' motion to dismiss also did not recognize any shareholder derivative plaintiff.[1] See Def. Mot. Dismiss at 3, n. 1. The shareholder named in the Complaint, Paul Oteng, consents to the voluntary dismissal of the Complaint expressed in this Notice.

---

[1] The need for notice to other shareholders before voluntary dismissal of a true derivative lawsuit is to protect the ability of absent shareholders to file their own derivative actions and to prevent collusion between the first shareholder derivative plaintiff and the defendant. See Pupilsky v. Berndt, 466 F. 2d 251, 258 (2d Cir. 1972), cert. denied 93 S. Ct. 689 (dismissal with prejudice of earlier derivative action because of Rule 37[c] discovery misconduct, but without notice to other shareholders, held not to be *res judicata* upon later derivative action by different shareholder). These considerations are not present in the present Complaint in which, *inter alia,* B.D. Goldfields, Ltd. has authorized the unique U.S. citizen shareholder Oteng to act on its behalf in the Courts in the United States. There has also been no prior adjudication or dismissal of a true derivative claim of a B.D. Goldfields, Ltd. shareholder.

    6. Each side should bear its own costs.

Respectfully submitted,

    /s/
_____
John S. Lopatto III, Member Bar U.S. District Court
1776 K St., N.W., Suite 200
Washington, D.C. 20006
202-861-5800/FAX: 202-861-5802
Attorney for Plaintiff B.D. Goldfields, Ltd.

Service by ECF on July 18, 2008